# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CORY RAE DELOZIER,<br><br>    Defendant. | Case No. 4:16-cr-00283-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Defendant Corey Rae Delozier, proceeding pro se, has filed various motions, including one asking this Court to reduce his sentence under 18 U.S.C. § 3582(c)(2). *See* Dkts. 33, 36, 38, 40. For the reasons explained below, the Court will deny the motions.

## BACKGROUND

In March 2017, Defendant Corey Ray Delozier pleaded guilty to distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). *See* Dkt. 14. In June 2017, this Court sentenced Delozier to 24 months' imprisonment, to be followed by a three-year term of supervised release. *See* Dkt. 29. In calculating Delozier's guidelines range, the Court used the United States Sentencing Guidelines in effect as of November 1, 2016. *See PSR,* Dkt. 25, ¶ 13.

## ANALYSIS

Under 18 U.S.C. § 3582(c), this Court may modify a sentence previously handed down if the United States Sentencing Commission later amends the applicable sentencing guidelines. *See, e.g., United States v. Ornelas*, 825 F.3d 548, 550 (9th Cir. 2016). To determine if a defendant is entitled to a sentence reduction under § 3582(c), the Court asks two questions: *First*, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced. *Second*, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). *See generally Dillon v. United States,* 560 U.S. 817, 826-28 (2010).

Here, the Court does not need to reach the second question, because Delozier is not eligible for a sentence reduction. Delozier argues that he should receive a reduced sentence based on Amendment 782 to the United States Sentencing Guidelines. That amendment, however, was already in effect as of June 2017 when Delozier was sentenced. Put differently, Delozier already received the benefit of that amendment. He is thus not eligible for a reduction.

For these reasons, the Court will deny Delozier's motion for a modification to his sentence. Also, although the Government urges the Court to construe this motion as one brought under 28 U.S.C. § 2255, the Court declines to do so. Finally, the Court will deny Delozier's Motion for Relief Under the All Writs Act of § 1651 (Dkt. 40) as Delozier has not articulated any basis for relief under that act.

## ORDER

**IT IS ORDERED that:**

(1) Defendant's Pro Se Motion for Modification of Sentence (Dkt. 33) is **DENIED**.

(2) The Government's Motion for Extension of Time to File Response to Defendant's Motion for Modification of Sentence (Dkt. 34) is retroactively **GRANTED**.

(3) Defendant's Motion to Proceed with the Motion for Reduction of Sentence (Dkt. 36) is **DEEMED MOOT**.

(4) The Government's Motion to Dismiss (Dkt. 37) is **GRANTED in part and DENIED in part** as follows: The motion is granted to the extent the Government asks the Court to deny Defendant's Pro Se Motion for Modification of Sentence and denied to the extent the Government asks the Court to construe the motion as one brought under 28 U.S.C. § 2255.

(5) Defendant's Motion for a Fast Track Hearing (Dkt. 38) is **DENIED**.

(6) Defendant's Motion for Relief Under the All Writs Act (Dkt. 40) is **DENIED.**

DATED: April 30, 2018

B. Lynn Winmill
Chief U.S. District Court Judge